IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:16CR00326-001FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| MARK RAYFIELD BROWN, JR., | ) |
| | ) |
| Defendant. | ) |

<u>CONSENT RESTRAINING ORDER</u>

THIS MATTER IS BEFORE THE COURT based on the joint motion of the United States of America ("United States"), acting by and through the United States Attorney for the Eastern District of North Carolina; Ayanna Carr ("Carr"), acting through her attorney; and The Village Life Center LLC ("The Village Life Center") (collectively, "Parties"), for entry of a Consent Restraining Order pursuant to the All Writs Act, 28 U.S.C. § 1651. As confirmed by their signatures below, the parties consent to entry of this Consent Restraining Order.

For purposes of this Order, the "Restrained Parties" include the following: Carr, The Village Life Center, their respective agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them, and any person or entity who has received or is holding real or personal

1

property for Defendant Mark Brown, or who is acting on his behalf.

For purposes of this Order, the "Restrained Property" includes the following: any and all property in which the Restrained Parties and/or Defendant Mark Brown have any interest.

The parties stipulate and agree that the spirit and intent of this order is (1) to permit The Village Life Center to continue paying **necessary and reasonable** business operating expenses (including its payroll every two weeks) from the Wells Fargo account ending in 9107, which is subject to a writ of continuing garnishment entered by the Court on August 20, 2018 [D.E. 51], and identified in an Answer filed by Wells Fargo on August 30, 2018 [D.E. 54]; (2) to permit Carr to pay **necessary and reasonable** living expenses for herself and her children; and (3) assure that all remaining Restrained Property shall be restrained pending the Government's investigation relating to the Court's restitution order entered against Defendant Mark Brown on March 20, 2018 [D.E. 41]. Additionally, in order to preserve the status quo, the Parties further agree that this order may be subject to further modification by consent at any time.

For good cause shown, it is hereby ORDERED that, effective immediately, the Restrained Parties and their agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them, and those persons, financial institutions, or other entities who have any interest or control

over the Restrained Property are hereby

RESTRAINED, ENJOINED, AND PROHIBITED from attempting or completing any action that would affect the availability, marketability, or value of the Restrained Property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the Restrained Property except those which are necessary for normal, customary, reasonable, and actual current living expenses of Carr and her children, and/or operating expenses of The Village Life Center (including payroll).

IT IS FURTHER ORDERED that the owner(s) of the Restrained Property are required to maintain the present condition of all Restrained Property that they own, including timely payment of all loan payments and insurance, taxes, and assessments until further order of this Court.

IT IS FURTHER ORDERED that, in the event that the Restrained Parties desire to transfer, convey, liquidate, or encumber any Restrained Property, the Restrained Parties must notify the United States in writing. If the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account(s) approved by counsel for the United States.

IT IS FURTHER ORDERED that, if any of the Restrained Property has been transferred or disposed of by any means (except for property seized by, or transferred or relinquished to, the United States), the Restrained Parties, or any person involved in the transfer or disposition of such property for or on behalf of the Restrained Parties, shall account to the Court and the United States for the disposition and location of the property. Further, this Restraining Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said property.

IT IS FURTHER ORDERED that within thirty (30) days of entry of this Order, the Restrained Parties shall furnish to the United States the following:

1. Complete federal and state tax returns for Carr, Defendant Mark Brown, The Village Life Center, The Village Life Center Texas, and Village Learning Solutions Educational Staffing, including all schedules, attachments, and amendments, for tax years 2014, 2015, 2016, and 2017;

2. Complete bank statements for the Wells Fargo accounts ending in 6729, 9107, 2253, 2404, and 8305, from January 1, 2014 to present, including deposit tickets, deposit items, copies of checks, and cancelled checks;

3. Signature cards for the Wells Fargo accounts ending in 6729, 9107, 2253, 2404, and 8305, from January 1, 2014 to

4

present, including all changes to ownership or signature authority;

4. Complete bank statements for the BB&T accounts ending in 2959, 2967, and 1162, from the date they were opened to present, including deposit tickets, deposit items, copies of checks, and cancelled checks;

5. Signature cards for the BB&T accounts ending in 2959, 2967, and 1162, from the date they were opened to present, including all changes to ownership or signature authority;

6. Mortgage application and closing documents for the real property located at 2009 Falls Forest Drive, Raleigh, North Carolina 27615;

7. All documents related to any agreement (e.g., rental agreement, lease-to-own agreement, etc.) between Carr, Defendant Mark Brown, and Carr's parents regarding the real property located at 2009 Falls Forest Drive, Raleigh, North Carolina 27615;

8. Identity of every person who has lived for at least 30 days in the real property located at 2009 Falls Forest Drive, Raleigh, North Carolina 27615, from April 7, 2011, to present;

9. A completed and signed Financial Statement of Debtor (including all required attachments) for the Michele V. Gibbons-Carr Revocable Trust in which the real property

located at 2009 Falls Forest Drive, Raleigh, North Carolina 27615 is currently held, including a complete accounting of all property (real or personal) currently or previously held in that trust, and a complete list of all beneficiaries of the trust;

10. A description of the source of funds used to pay the mortgage and utilities for the real property located at 2009 Falls Forest Drive, Raleigh, North Carolina 27615, from April 7, 2011, to present;

11. Evidence of each purported "rent" payment (e.g., copy of the check, wire confirmation, etc.) that Carr and/or Defendant Mark Brown made for the real property located at 2009 Falls Forest Drive, Raleigh, North Carolina 27615, from April 7, 2011, to present;

12. All documents related to the formation of The Village Life Center, The Village Life Center Texas, and Village Learning Solutions-Educational Staffing, including but not limited to Articles of Incorporation or Organization, applications for an Employer Identification Number, documents showing the distribution of equity or ownership interest in the company, all filings with a Secretary of State, and all documents that relate to the governance of, operation of, or member ownership interests in the companies;

13. All documents filed with the Louisiana Secretary of State related to The Village Life Center, from the date The Village Life Center was formed to the present;

14. All documentation evidencing Carr's and Defendant Mark Brown's ownership interest and role in The Village Life Center, Village Life Center Texas, and/or Village Learning Solutions-Educational Staffing;

15. Complete books and records for The Village Life Center, Village Life Center Texas, and/or Village Learning Solutions-Educational Staffing from January 1, 2014 to present, including but not limited to the following:

   a. Federal and state tax returns (including all schedules and attachments);

   b. Detailed general ledger(s) and/or receipts journal(s), disbursements journal(s), general ledger(s), and general journal(s) for each year;

   c. Records of all real estate transactions, including deeds, deeds of trust, lines of credit, settlement sheets, appraisals, offers to purchase, and including any and all purchases, sales, exchanges, assignments, or any other dispositions or acquisitions;

   d. Payroll records for each year, including all Forms W-2 and 1099 issued and/or received;

   e. Any and all expense invoices for each year, including

merchandise purchases, employee vouchers, travel, cash payments, credit card statements, and all other expenses;

f. Records of all securities and/or stock purchases and sales, including brokerage statements and trade confirmations;

g. Records of all loans received and loans made, including promissory notes, security agreements, deeds of trust, and records of repayments;

h. Records of all rental income and expense, including leases, agreements, and correspondence;

i. Detailed depreciation schedules for each year;

j. Records relating to the sale and/or transfer of any assets or business activity, including all contracts, promissory notes, settlement statements, agreements, payment schedules, and correspondence;

k. Incorporation documents; and

l. All records filed with a Secretary of State regarding any of the companies.

IT IS FURTHER ORDERED that Carr shall furnish to the United States at the end of each calendar month a report itemizing the income and living expenses for herself and her children. Similarly, The Village Life Center shall furnish to the United States at the end of each two-week payroll period the complete

payroll for that period, and at the end of each month a report itemizing the business's income and expenses. Copies of all quarterly reports for the Restrained Parties prepared for any state or federal taxing authorities shall likewise be forwarded to the United States.

IT IS FURTHER ORDERED that the terms of this Restraining Order shall remain in full force and effect until further order of this Court.

IT IS FURTHER ORDERED that the Wells Fargo account ending in 9107 (referenced in Wells Fargo's Answer to the Writ of Garnishment [D.E. 54]) shall be unfrozen pursuant to the terms of this Order and solely to permit The Village Life Center to pay its necessary and reasonable business operating expenses (including payroll). Only necessary and reasonable business operating expenses of The Village Life Center may be withdrawn or transferred from the account ending in 9107. Beyond that limited release of funds, the Writ of Continuing Garnishment as to Wells Fargo Bank, N.A. shall remain in full force and effect and no additional funds shall be released without further order of the Court.

IT IS FURTHER ORDERED that the Wells Fargo accounts ending in 2253 and 6729 (referenced in Wells Fargo's Answer to the Writ of Garnishment [D.E. 54]) shall **not** be unfrozen.

IT IS FURTHER ORDERED that the United States shall serve on Wells Fargo a copy of this Order.

SO ORDERED this  13th  day of September, 2018.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

WITH CONSENT:

/s/ Kimberly A. Moore                                    DATE: 9/12/18
_____
KIMBERLY A. MOORE
Counsel for Ayanna Carr


_____                          DATE:_____
AYANNA CARR, on behalf of
The Village Life Center, LLC


ROBERT J. HIGDON, JR.
United States Attorney

/s/ C. Michael Anderson                                  DATE: 9/12/18
_____
BY: C. MICHAEL ANDERSON
Assistant United States Attorney
Counsel for United States of America

IT IS FURTHER ORDERED that the United States shall serve on Wells Fargo a copy of this Order.

SO ORDERED this  13th  day of September, 2018.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

WITH CONSENT:

_____                    DATE:_____
KIMBERLY A. MOORE
Counsel for Ayanna Carr

_____                    DATE: 9/12/2018
AYANNA CARR, on behalf of
The Village Life Center, LLC

ROBERT J. HIGDON, JR.
United States Attorney

_____                    DATE:_____
BY: C. MICHAEL ANDERSON
Assistant United States Attorney
Counsel for United States of America