IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-326-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARK RAYFIELD BROWN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion (DE 92) requesting judicial recommendation for placement in a residential reentry center for the final 12 months of his sentence. The government did not respond to the motion.

On March 20, 2018, the court sentenced defendant to 30 months' imprisonment following his conviction for conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1349 and 1347. At sentencing, the court did not recommend that the Federal Bureau of Prisons ("BOP") place defendant in a residential reentry center for any portion of the custodial sentence.

The instant motion requests that the court provide post-judgment recommendation for placement in community confinement. In support, defendant states that he has maintained clear conduct with no disciplinary issues while in BOP custody. He has completed numerous educational programs, a substance abuse treatment program, and reentry workshops. Finally, defendant has an offer for full-time employment to begin upon his release from imprisonment.

The court has authority to issue a post-judgment recommendation to the BOP for placement in community confinement. See 18 U.S.C. § 3621(b)(4) (explaining the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility" when

determining an inmate's place of confinement); United States v. Ferguson, No. 6:16-CR-707-JMC-8, 2018 WL 5095149, at *2-3 (D.S.C. Oct. 18, 2018) (collecting cases); see also United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting in dicta the district court has "authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time"); cf. United States v. Smith, 733 F. App'x 86, 88 (4th Cir. 2018) ("[A] district court's sentencing recommendation is not binding on the BOP, and thus is neither a final decision . . . nor a final sentence under 18 U.S.C. § 3742 (2012).").

While the court finds it has authority to issue post-judgment recommendation for placement in community confinement, it declines to exercise such authority here. The court did not recommend community confinement at sentencing despite consideration of all relevant pre-sentencing conduct. And the BOP is better positioned to evaluate whether defendant's post-sentencing conduct justifies placement in community confinement.

The court, however, commends defendant for his record of achievement in custody, as reflected in the instant motion. Defendant's reported performance in custody is consistent with the court's expectations at time of sentencing.

Based on the foregoing, the court DENIES defendant's motion for judicial recommendation for 12 months of RRC/Halfway House placement (DE 92).

SO ORDERED, this the 20th day of September, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge